IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:24-CV-167-FL

| | | |
|---|---|---|
| APRIL STARK HOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK J. BISIGNANO,[1] Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the defendant's motion to dismiss plaintiff's complaint as untimely (DE 9). United States Magistrate Judge Kimberly A. Swank issued a Memorandum and Recommendation ("M&R") (DE 13), recommending denial of the motion. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own and denies the motion.

### BACKGROUND

Plaintiff filed an application for disability insurance benefits May 25, 2017, alleging disability beginning April 24, 2012. (Compl. (DE 1) ¶ 5). After defendant denied the claim initially and upon reconsideration, an Administrative Law Judge ("ALJ") issued an unfavorable decision April 23, 2019, which the Appeals Council affirmed. (Id. ¶¶ 6-10). Plaintiff then sought judicial review in this court, and September 15, 2022, the court remanded the matter for further

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank J. Bisignano is substituted as the defendant in this suit.

proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[2] (Id. ¶¶ 11-12; see September 15, 2022, Order (DE 30), House v. Kijakazi, 4:20-CV-00219-BM).

Following remand, an ALJ conducted a new hearing May 10, 2023, and issued a second unfavorable decision September 19, 2023. (Id. ¶¶ 13-15). Plaintiff alleges she timely filed written exceptions to the ALJ's decision. (Id. ¶ 16). Defendant contends that the exceptions were postmarked November 22, 2023, outside the 30-day window prescribed by 20 C.F.R. § 404.984(b)(1), and that no extension of time was requested. (Def.'s Mot. (DE 10) at 3, 6-7). On October 22, 2024, the Appeals Council issued a notice (hereinafter, the "October 22, 2024, notice") deeming the ALJ's decision the final administrative decision of defendant. (Compl. (DE 1) ¶ 17). Plaintiff filed the instant complaint November 25, 2024, seeking judicial review under 42 U.S.C. § 405(g). (Id. at 4).

Defendant's motion to dismiss is brought under Fed. R. Civ. Pro. 12(b)(6), asserting that plaintiff's complaint was untimely under the 60-day limitation set forth in § 405(g). (Def.'s Mot. (DE 10) at 3, 6-7). While not styled as a jurisdictional challenge under Rule 12(b)(1), the motion invokes sovereign immunity principles, arguing that the statutory deadline is a condition on the government's waiver of immunity and must be strictly construed. (Id. at 7-8). In support, defendant relies on declaration from Ari Levin, Social Security Administration ("SSA") chief of court case preparation and review branch 2 of the office of appellate operations, and attached exhibits, including: the ALJ's decision, SSA notices, and postmark evidence. (DE 10-1). The magistrate judge concludes that defendant's motion was itself untimely under Supplemental Rule

---

[2] Sentence four of 42 U.S.C. § 405(g) refers to one of two types of remand a federal district court may order in Social Security cases. Specifically, it authorizes the court to: "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four; see also Melkonyan v. Sullivan, 501 U.S. 89, 98-100 (1991) (holding that a sentence four remand is a final judgment that terminates the civil action).

2

4(c) and that plaintiff's complaint was reasonably timely, given the agency's delay and ambiguity in communicating finality. (M&R (DE 13) at 5). The magistrate judge recommends denying the motion, finding that the October 22 notice reasonably triggered the judicial review period. (Id. at 8). The parties' objections followed.

**COURT'S DISCUSSION**

A.  Standard of Review

The court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections must be specific enough to focus the court's attention to the particular legal or factual issues in dispute. See Osmon v. United States, 66 F.4th 144, 146 (4th Cir. 2023); Elijah v. Dunbar, 66 F.4th 454, 460–61 (4th Cir. 2023). General or conclusory objections that fail to identify specific errors do not trigger de novo review. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Where no specific objection is made to a portion of the M&R, the court may adopt that portion without further review. See Elijah, 66 F.4th at 460.

B.  Analysis

Both parties filed objections to the M&R, challenging aspects of the recommended disposition of defendant's motion to dismiss. Defendant objects to the magistrate judge's conclusion that plaintiff's complaint was timely filed, arguing that the ALJ's decision became final well before the October 22 notice. Plaintiff, in turn, objects to the M&R's omission of three alternative grounds for denying the motion: 1) that the motion to dismiss was itself untimely under Supplemental Rule 4(c); 2) that the agency lacked authority to promulgate 20 C.F.R. § 404.984(b)(1); and 3) that equitable tolling should apply due to the agency's delay and ambiguity.

3

1. Timeliness of Defendant's Motion

Contrary to plaintiff's objection, the magistrate judge in fact concluded that defendant's motion to dismiss was untimely under Supplemental Rule 4(c), which requires motions under Rule 12 to be filed within 60 days of notice of the action. (See M&R (DE 13) at 5). Defendant received notice of the case December 2, 2024, but did not file the motion until February 20, 2025, 80 days later. Although defendant sought and received an extension of time to file the certified administrative record and answer (DE 8), that request did not encompass the Rule 12 motion and thus did not extend the Rule 4(c) deadline. The Advisory Committee Notes to the 2022 Supplemental Rules clarify that these provisions "supersede" inconsistent Civil Rules and must be followed as written, meaning that an extension for the administrative record or answer does not implicitly extend the time to file a Rule 12 motion unless expressly requested and granted.

Here, defendant did not seek an extension for the Rule 12 motion, nor did the court grant one. The motion was therefore untimely under Rule 4(c), and denial of the motion on that basis is proper. Defendant did not object to the portion of the M&R concluding that the motion was untimely. (See DE 14); see also Elijah, 66 F.4th at 460 (noting that failure to object to specific findings waives de novo review).

Accordingly, the court adopts the magistrate judge's conclusion that the motion to dismiss was untimely and denies the motion on that basis.

2. Timeliness of Plaintiff's Complaint

Defendant contends that plaintiff's complaint is untimely because her written exceptions to the ALJ's decision were filed outside the 30-day window prescribed by 20 C.F.R. § 404.984(b)(1), and no extension was requested. The regulation provides,

> (b) You file exceptions disagreeing with the hearing decision. (1) If you disagree with the hearing decision, in whole or in part, you may

4

> file exceptions to the decision with the Appeals Council. Exceptions may be filed by submitting a written statement to the Appeals Council setting forth your reasons for disagreeing with the decision of the administrative law judge or administrative appeals judge. The exceptions must be filed within 30 days of the date you receive the hearing decision or an extension of time in which to submit exceptions must be requested in writing within the 30-day period. A timely request for a 30-day extension will be granted by the Appeals Council. A request for an extension of more than 30 days should include a statement of reasons as to why you need the additional time.

20 C.F.R. § 404.984(b)(1).

Defendant's contention that plaintiff's written exceptions were untimely under § 404.984(b)(1) does not implicate the court's subject-matter jurisdiction. The 30-day deadline for filing exceptions is a regulatory condition governing internal agency review, not a statutory limitation on judicial access. Courts have consistently held that the 60-day deadline for filing a complaint under 42 U.S.C. § 405(g) is a statute of limitations rather than a jurisdictional bar. See Bowen v. City of New York, 476 U.S. 467, 478 (1986) ("Section 405(g) establishes a statute of limitations . . . not a jurisdictional requirement."); see also Harrell v. Freedom Mortg. Corp., 976 F.3d 434, 439 n.5 (4th Cir. 2020) (noting that procedural deadlines may be raised under Rule 12(b)(6) but are not jurisdictional unless Congress clearly states otherwise). Accordingly, any alleged failure to comply with the 30-day regulatory deadline for submitting exceptions affects the timing of the agency's final decision but does not deprive the court of authority to review that decision under § 405(g).

The court finds that plaintiff's complaint was timely filed. Although plaintiff's written exceptions were postmarked outside the 30-day window, November 22, 2023, the Appeals Council did not notify plaintiff that her exceptions were untimely until the October 22, 2024, notice, nearly eleven months later. The October 22, 2024, notice stated: "The Administrative Law Judge's

decision is the final decision of the Commissioner of Social Security after remand by the court." (DE 10-1 at 36). Plaintiff received no prior communication indicating that the ALJ's decision had already become final or that her time to seek judicial review had begun to run. As the magistrate judge noted, the applicable regulations do not specify how untimely exceptions affect finality of an ALJ's decision following a court-ordered remand.

In light of the agency's delay and the absence of clear regulatory guidance, it was reasonable for plaintiff to treat the October 22, 2024, notice as the operative final decision for purposes of judicial review under 42 U.S.C. § 405(g). See Smith v. Berryhill, 587 U.S. 471, 483 (2019) (recognizing that a "claim-ending timeliness determination" by the agency's final decisionmaker may constitute a "final decision"). Plaintiff filed her complaint November 25, 2024, which is well within the 60-day period following that notice. (See DE 1). To construe the regulations otherwise would be inequitable and contrary to the remedial purpose of the Social Security Act. See Dorsey v. Bowen, 828 F.2d 246, 248 (4th Cir. 1987) ("The Social Security Act is a remedial statute, to be broadly construed and liberally applied in favor of beneficiaries.").

Defendant argues that the ALJ's decision became final November 19, 2023, 61 days after it was issued, and that the complaint was therefore filed ten months late. In support, defendant cites decisions from other district courts holding that untimely exceptions are treated as if they were never filed. See Lang v. Dudek, 2025 WL 1135983 (D. Neb. Apr. 17, 2025); Amos v. Comm'r of Soc. Sec., 2024 WL 3770517 (S.D. Miss. Apr. 10, 2024); Travis B. v. O'Malley, 2024 WL 4712754 (E.D. Va. June 14, 2024). However, these cases are not binding on this court, and the court finds them distinguishable. None address the specific combination of regulatory ambiguity and agency delay present here.

6

Accordingly, the court adopts the magistrate judge's conclusion that the complaint was timely filed.

3. Plaintiff's Remaining Objections

Plaintiff objects to the magistrate judge's failure to address two additional grounds for denying defendant's motion to dismiss. Because the court denies the motion to dismiss on the grounds addressed herein, the court does not reach these additional grounds for denying the motion.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 13) and DENIES defendant's motion to dismiss (DE 9). The case shall proceed in accordance with the Supplemental Rules for Social Security Actions.

SO ORDERED, this the 23rd day of September, 2025.

LOUISE W. FLANAGAN
United States District Judge