IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:24-CV-167-FL

| | | |
|---|---|---|
| APRIL STARK HOUSE, Plaintiff, | ) | |
| v. | ) | **ORDER** |
| FRANK BESIGNANO, Commissioner of Social Security, Defendant. | ) | |

This matter comes before the court on the parties' briefs filed pursuant to the Supplemental Rules for Social Security Actions. (DE 22, 28). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Kimberly A. Swank issued a memorandum and recommendation ("M&R") (DE 30), wherein it is recommended that the court reverse defendant's decision and remand the matter for further consideration. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, the court adopts in part the M&R, reverses defendant's decision, and remands for calculation of benefits.

## BACKGROUND

On May 25, 2017, plaintiff filed application for disability insurance benefits, alleging disability beginning April 24, 2012. The application was denied initially and upon reconsideration. A hearing was held on April 1, 2019, before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated April 18, 2019. After the appeals council denied

plaintiff's request for review, plaintiff sought judicial review in this court. See House v. Kijakazi, No. 4:20-CV-219-BM (E.D.N.C). United States Magistrate Judge Brian S. Meyers concluded that the ALJ failed to properly analyze and explain plaintiff's fibromyalgia and remanded the matter September 15, 2022, pursuant to sentence four of 42 U.S.C. § 405(g).

A new hearing was held May 10, 2023, before a different ALJ, who determined that plaintiff was not disabled in a decision issued September 19, 2023. After the appeals council again denied plaintiff's request for review, plaintiff commenced the instant action on November 25, 2024, seeking judicial review of defendant's decision. Defendant filed motion to dismiss for untimely filing, which motion the court denied. Subsequently, the parties filed their respective briefs.

## DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

[1] Throughout this order, internal citations and quotation marks are omitted from citations, unless otherwise specified.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id.

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between the alleged disability onset date of April 24, 2012, through September 30, 2018. At step two, the ALJ found that plaintiff had the following severe impairments: mild degenerative disc disease at C4-5, thoracic dextroscoliosis, depression, anxiety, and post-traumatic stress disorder. Although the ALJ found a medically determinable impairment of fibromyalgia, she found such impairment non-severe. At step three, the ALJ determined that plaintiff's impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform medium exertional work, except with the following limitations:

> [Plaintiff] should never climb ladders, ropes, and scaffolds. She could frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. She should avoid all exposure to workplace hazards of unprotected heights and moving mechanical parts as well as operating a motor vehicle. She could understand, remember, and carry out simple instructions. She could sustain concentration[,] attention[,] and pace sufficient to carry out those simple instructions over the course of an eight hour workday and at two hour intervals. She was limited to low stress jobs, defined here as having only occasional changes in work setting and having no production pace work such as on an assembly line or work that requires hourly quotas. She could have occasional interactions with the public.

(Tr. 1242).

At step four, the ALJ concluded plaintiff is unable to perform past relevant work. However, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff could have performed. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B. Analysis

In her brief, plaintiff argues that the ALJ erred by: 1) failing to explain her conclusions, 2) failing to properly evaluate medical opinions, 3) disregarding evidence that would support a finding that plaintiff is disabled, and 4) failing to prove there are a substantial number of jobs in the economy that plaintiff can perform. The first three of these arguments relate to the ALJ's evaluation of plaintiff's fibromyalgia. Defendant concedes that further consideration of plaintiff's fibromyalgia is warranted but contends that factual issues remain, precluding an award of benefits by the court. Thus, where defendant does not dispute the propriety of reversal, the sole issue remaining is whether the court should remand for further consideration or direct that defendant award benefits to plaintiff.

Reversal of the agency's decision without remand is appropriate "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974).

In her objections, plaintiff argues that defendant fails to identify substantial evidence to support a denial of benefits, and therefore, the court should conclude that plaintiff was legally disabled during the relevant period. See Breeden, 493 F.2d at 1012.

In Arakas v. Commissioner, Social Security Administration, 983 F.3d 83 (4th Cir. 2020), the court set forth standards for addressing evidence related to fibromyalgia. "ALJs may not rely

on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." Id. at 97. Thus, a reviewing court "must give due weight to [a plaintiff's] subjective testimony about the severity of her symptoms." Hultz v. Bisignano, 162 F.4th 111, 115 (4th Cir. 2025).

Here, plaintiff received a diagnosis of fibromyalgia in November 2011 with positive tender point examination and again in May 2023. (Tr. 397, 1610). Plaintiff testified that she had "widespread pain, soreness, throughout [her] body, [and] muscle fatigue." (Id. at 1274). She elaborated that she became exhausted from any physical activity, "even if it's just sweeping or something like that," and that she needed a break of at least 20 minutes after any such activity. (Id.). Plaintiff testified that "it's really difficult for [her] to stay up for eight hours in a row," so she has to take a nap every day. (Id. at 1275-76). She often got headaches, had limited neck mobility, and her hands trembled regularly, causing her to drop things. (Id. at 1276-77). Plaintiff stated she was in pain every day, with "bad pain days" twice per week. (Id. at 1277).

Defendant points to findings of a consultative physician, treatment records with only periodic complaints, periods without treatment, and state agency physician findings as establishing a factual dispute as to the severity of plaintiff's fibromyalgia symptoms. (Def. Br. (DE 28) at 5). However, these are the type of objective medical evidence on which an ALJ may not rely in assessing fibromyalgia symptoms. See Arakas, 983 F.3d at 97. "Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease." Id. Therefore, reliance on such objective indicators to discount the severity of plaintiff's symptoms cannot support a denial of benefits. See id. at 112.

Thus, under Arakas, the ALJ erred in discrediting plaintiff's subjective complaints of fibromyalgia symptoms. Considering the record as a whole, once plaintiff's testimony regarding her symptoms and abilities is properly credited, her inability to perform full-time work on a sustained basis becomes apparent. (See, e.g. Tr. 1274 (describing requiring 20 minutes of rest to recover from minor activity such as sweeping)). Where defendant fails to point to any evidence which, after proper consideration of plaintiff's subjective evidence, would support a denial of benefits, further consideration of this matter would be futile. See Breeden, 493 F.2d at 1012.

The magistrate judge's observation that the treating physician evidence in the record "lacks any discussion as to Plaintiff's work-related functional abilities," does not necessitate remand for further consideration. (See M&R 7). Arakas instructs that "ALJs may not disregard such opinions when offered by a treating physician," but it does not require that a plaintiff, who otherwise documents her subjective experience, must provide treating physician evidence of work-related functional abilities. 983 F.3d at 109. Therefore, reopening the record for plaintiff to submit such evidence would serve no purpose. Breeden, 493 F.2d at 1012.

In sum, the undisputed evidence in the record establishes plaintiff's disability and corresponding entitlement to disability benefits. Therefore, the court reverses defendant's denial and remands the case for a calculation of benefits. See Hultz, 162 F.4th at 127 (remanding for calculation of benefits where ALJ disregarded subjective evidence about the severity of fibromyalgia symptoms).

**CONCLUSION**

Based on the foregoing, the court ACCEPTS in part the recommendation in the M&R (DE 30). Defendant's decision is REVERSED, and this matter is REMANDED to defendant pursuant

to sentence four of 42 U.S.C. § 405(g) for calculation of benefits. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge